BARNS, PAUL D., Associate Judge.
In one count, the appellant was charged by an information with two offenses, to-wit: (1) unlawfully in Hardee County, having in his possession, custody and control, a still, still piping, still apparatus and still worm designed and adapted for the manufacture of alcoholic beverage and (2) unlawfully in Hardee County, having in his possession, custody and control receptacles and containers containing mash, wort or wash or other fermented liquids capable of being distilled or manufactured into an alcoholic beverage, in violation of section 562.27(1) F.S.A. After conviction before a jury, a new trial was denied and defendant was adjudged guilty. Upon appeal we find error and reverse.
The appellant assigns as error the failure of the court to grant defendant’s motion for a directed verdict of acquittal and failure of the court to grant a new trial on the ground that the evidence was insufficient to support a verdict of guilty.
The trial proceedings were not steno-graphically reported but a stipulation be *458 tween the prosecution and the defendant-appellant was entered into covering the trial proceedings. Rule 6.7(f), Florida Appellate Rules, 31 F.S.A., provides that: “The parties, by written stipulation * * * may agree upon a condensed statement in narrative form of all or a part of the testimony * * Unlike Rule 75(h), Federal Rules of Civil Procedure, our Rule does not require that such record be authenticated or approved by the trial judge.
The evidence against the defendant, as shown by the stipulated record, is that the beverage agent discovered an illicit distillery east of Gardner in Hardee County on June 18, 1963 but left it for future surveillance. On July 3, 1963 the defendant and one Broaders were discovered with three empty hogshead barrels east of Gardner which barrels had strong odor of fermented mash. They were then arrested. The evidence shows the barrels were taken from the distillery at the direction of the defendant. The defendant testified that an owner of a nearby pasture told him of the presence of the barrels and that he could have them for use in hog feeding. Some of the distillery apparatus, as well as the three barrels, was likewise missing from the distillery at the time of the arrest. At the time of the arrest the defendant consented to the search of his home in Polk County whereupon the officers and the defendant proceeded to a certain house in Polk County. Upon approaching the house the defendant advised the officers that the house was not his house, and pointed out another as his; thereupon one Sims appeared on the porch of a house across the street and he advised the officers that the house was owned by “Doc” Coley, the father of the defendant and that he, Sims, had been given custody of the house by the owner two months previously when the owner left town. Sims stated that the defendant did reside there from time to time and agreed to a search of the house by the officers. Upon a search items of distillery were found and some moonshine. The house pointed out by the defendant as his house was not searched. The defendant testified that none of the apparatus or moonshine belonged to him nor was its presence there known to him.
The evidence as above recited is as consistent with defendant’s innocence as it is with his guilt of possession of a still or possession of fermented mash; it fails to establish his guilt beyond and to the exclusion of a reasonable doubt.
The judgment appealed is reversed and the case remanded for such further proceedings as the lower court may be advised.
ANDREWS, J., concurs.
.WHITE, Acting J., dissents.